

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-5332
Re: Filing Fees, Certified Copies,
Patent Fees, etc. required to be
charged by Commissioner of the
General Land Office.

We have received your letter dated July 8th., 1943, requesting the opinion of this Department on the above captioned subject, which letter reads as follows:

"It seems necessary to ask for an official Opinion from you concerning the matter described below. We have made efforts to find the answer to our questions and the closest that we can come to it, apparently, is Attorney General's Opinion No. 2996, issued February 8th, 1937 to the then State Auditor Tom C. King, but that does not clearly cover this situation.

"In our current audit of the books and accounts of the State General Land Office, we find that they are rendering the services authorized under Article 3918, R.C.S., on an open Accounts Receivable basis. These charges are for Filing Fees, Certified Copies Patent Fees, etc., and we question the legality of these services being performed without the money to pay for the fee having been received in advance, or certainly to be immediately collectible in cash with the delivery of or performance of the service. The practice has been that upon receipt of a request or order for the service it would be performed and a bill sent out to the person for whom same was performed. The result has been that a rather large number of such accounts have not been paid in to the General Land Office—in fact,

Hon. C. H. Cavness    page 2

these accounts which are actually past due, some for several years, amount to several thousand dollars, part of this having been from the administration immediately prior to that of the present Land Commissioner.

"Is it legal for these matters to be handled in this manner?

"Whether or not it is legal, upon whom does the responsibility rest for the collection of these accounts for money due the State?  Please include also your Opinion as to how far such responsibility legally extends- is the collection of these funds chargeable personally to the one who authorized the credit, to the extent that he or his bondsmen could be held legally liable if the moneys involved are not collected without delay?"

Section 23 of Article 4 of the Constitution of the State of Texas provides that all fees that may be payable by law for any service performed by the Commissioner of the General Land Office, or in his office, shall be paid, when received, into the State Treasury.

Article 3913 Revised Civil Statutes of the State of Texas requires the Land Commissioner to keep a fee book in his office in which he shall enter all the fees for any service named in Article 3918 of said statutes and to quarterly file with the Comptroller a verified account of all fees so received by him, and at the end of each quarter to pay over to the State Treasurer all moneys received under the provisions of the statutes.

Article 3918 Revised Civil Statutes authorizes and requires the Land Commissioner to charge for the use of the State as filing fees, for certified copies and Patent fees the amount of fees in said Article 3918 enumerated.

Article 5250 Revised Civil Statutes of Texas requires the Commissioner to give bond with three or more sureties for fifty thousand dollars, payable to and to be approved by the Governor, conditioned for the faithful discharge of his official duties.

Hon. C. H. Cavness    page 3

It is the opinion of this Department that the Land Commissioner is without authority to extend credit in respect to the fees required by said article 3918, Revised Civil Statutes, to be charged by the Land Commissioner, on the contrary the Commissioner is to receive the required fees at the time of or before filing or delivering the documents or performing the services in said statute set out and in the event the State sustains any loss by reason of the Commissioner extending credit in respect to such statutory fees, the Commissioner and the sureties on his official bond would be liable to the State for the amount of such loss, if any.

In the case of Thurston County vs. Chmelka 294 N.W. 857, 132 A.L.R. 1083, it is said by the court:

"The rule for the interpretation of bonds seems to be that, when a public officer gives a bond for the faithful discharge of his duties, the word 'faithful' is held to imply that he has assumed that measure of responsibility laid on him by law, had no bond been given; that the object of a bond so conditioned is to get sureties for the performance of the duties of the office according to law, and that anything is unfaithfulness which the law does not excuse."

In your letter you inquire upon whom rests the responsibility to collect accounts for the services of the Commissioner in filing documents and for certified copies etc. under said Article 3918 Revised Civil Statutes. Since there is no authority on the part of the official to create such accounts there is no statutory provision with respect to the collection thereof. The official bond of the official protects the rights of the State to receive the fees provided for in said Article 3918.

Very truly yours,

APPROVED JUL 22, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

BY    _E. P. Price_
      E. P. Price
      Assistant

EPP:ned

ok
O.C.C

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN